## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL )<br>UNION LOCAL 2000 HEALTH AND )<br>WELFARE FUND, an employee benefit plan, )<br>and BOARD OF TRUSTEES OF THE SEIU )<br>LOCAL 2000 HEALTH AND WELFARE FUND, )<br>)<br>    Plaintiffs, )<br>v. )<br>)<br>SIRO OP ROYAL OAK, LLC, doing business as )<br>ROYAL OAK NURSING & REHAB, )<br>)<br>    Defendant. ) | Case No.: |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.  Plaintiff Service Employees International Union Local 2000 Health and Welfare Fund ("Welfare Fund"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of The Service Employees International Union Local 2000 Health and Welfare Fund ("Trustees") is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.  Defendant SIRO OP Royal Oak, LLC, d/b/a Royal Oak Nursing & Rehab is a Delaware limited liability corporation doing business in Missouri and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

3. This Court has jurisdiction by reason of Sections 502(a)(3) (ii), (d), and 515 of the Employee Retirement Income Security Act of 1974, as amended, §1132(a)(3)(ii) and (d) and §1145, and Section 301(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(c).

4. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the Welfare Fund in specified amounts and the submission of monthly report forms detailing the amount of contributions owed to the Welfare Fund.

5. Defendant has failed to pay the required contributions Welfare Fund for the months of February 2022 to the present.

6. Based on information supplied by defendant to the Welfare Fund, defendant owes a total of $72,241.90 in contributions to the Welfare Fund, broken down as follows:

   a. $7,866.40 for February 2022;

   b. $7,866.40 for March 2022;

   c. $7,866.40 for April 2022;

   d. $8,358.05 for May 2022;

   e. $8,327.40 for June 2022;

   f. $8,358.05 for July 2022;

   g. $7,866.40 for August 2022;

   h. $5,408.15 for September 2022;

   i. $4,916.50 for October 2022; and

   j. $5,408.15 for November 2022.

7. Pursuant to the trust agreement governing the Welfare Fund and the collective bargaining agreement to which it is a party, defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

8. The liquidated damages on the unpaid contributions noted in Paragraph 6 above total $14,448.38.

9. Plaintiffs are entitled to recover interest, liquidated damages, costs and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the trust agreement governing the Welfare Fund.

WHEREFORE, plaintiffs pray that this Court enter its order, judgment and decree awarding plaintiffs the following relief against defendant:

(a) For an order requiring defendant to pay the delinquent contributions and liquidated damages noted in Paragraphs 6 and 8, which total $86,690.28;

(b) For an order requiring defendant make payments in the future to the Welfare Fund in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

(c) For interest, liquidated damages, costs, and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g); and

(d) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, Missouri 63l31
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
eperez@hammondshinners.com

_____/s/ Emily R. Perez_____
EMILY R. PEREZ, #62537 MO

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court on January 6, 2023 and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 19th and Pennsylvania Avenue, Washington, D.C. 20220.

*/s/ Emily R. Perez*