**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 2000 HEALTH AND WELFARE FUND, an employee benefit plan, and BOARD OF TRUSTEES OF THE SEIU LOCAL 2000 HEALTH AND WELFARE FUND, ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No.: 4:23-cv-00016 HEA |
| v. ) ) | |
| SIRO OP ROYAL OAK, LLC, doing business as ROYAL OAK NURSING & REHAB, ) ) ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Come now plaintiffs, by and through their attorneys, and for their Proposed Findings of Fact and Conclusions of Law, state as follows:

**FINDINGS OF FACT**

1. Plaintiff Board of Trustees of the SEIU Local 2000 Health and Welfare Fund ("BOT") is responsible for administering the Welfare Fund pursuant to the Welfare Fund's Restated Agreement and Declaration of Trust ("Trust Agreement").

2. Lisa Gould is the Welfare Fund's Administrative Manager and oversees the Welfare Fund's day-to-day operations under the direction of the BOT.

3. At all times material, defendants SIRO OP Royal Oak, LLC, d/b/a Royal Oak Nursing and Rehab ("Royal Oak"), SIRO OP Oakwood, LLC, d/b/a Oakwood Estates Nursing and Rehab ("Oakwood"), and SRZ St. Louis, LLC, d/b/a St. Louis Place Health and Rehabilitation ("St. Louis Place") were bound by the provisions of collective bargaining agreements that required monthly payments to plaintiff the Service Employees Local 2000 Health and Welfare Fund ("Welfare Fund") in specified amounts to fund healthcare coverage for defendants' employees.

4. In addition to monthly contributions, the collective bargaining agreements to which defendants are signatory require defendants to keep the Welfare Fund informed of employment status changes that impact whether an individual employee of defendant(s) is entitled to health coverage under the Welfare Fund or loses eligibility status.

5. The collective bargaining agreements to which defendants are signatory provide that delinquent contributions are subject to liquidated damages in the amount of 20%, as well as interest.

6. The collective bargaining agreements to which defendants are signatory further provide that if the Welfare Fund is forced to pursue litigation to collect delinquent contributions, the Welfare Fund is entitled to recoup its attorneys' fees and court costs in connection with the litigation.

7. Moreover, the collective bargaining agreements to which defendants are signatory bind defendants to the terms of the Welfare Fund's Welfare Fund's Trust Agreement.

8. The Trust Agreement authorizes plaintiffs to pursue litigation to collect delinquent contributions, to recover liquidated damages, attorneys' fees, court costs, and other reasonable expenses incurred in connection with such litigation.

9. Defendant Royal Oak failed to pay the Welfare Fund any contributions for the months of February 2022 through February 2023 and therefore owes $90,578.85 in delinquent contributions, liquidated damages, and interest as set forth below:

| Month | Unpaid Contributions | Liquidated Damages (20%) | Interest thru 5/14/24 |
|---|---|---|---|
| 2/1/2022 | $7,866.40 | $1,573.28 | $536.88 |
| 3/1/2022 | $7,866.40 | $1,573.28 | $518.53 |
| 4/1/2022 | $7,866.40 | $1,573.28 | $664.27 |
| 5/1/2022 | $8,358.05 | $1,671.61 | $677.93 |
| 6/1/2022 | $8,327.40 | $1,665.48 | $646.76 |
| 7/1/2022 | $8,327.40 | $1,665.48 | $773.75 |
| 8/1/2022 | $7,866.40 | $1,573.28 | $697.05 |
| 9/1/2022 | $5,408.15 | $1,081.63 | $455.94 |
| 10/1/2022 | $4,916.50 | $983.30 | $472.80 |
| 11/1/2022 | $5,408.15 | $1,081.63 | $492.14 |
| 12/1/2022 | $4,916.50 | $983.30 | $422.82 |
| 1/1/2023 | $3,502.60 | $700.52 | $330.31 |

2

| | | | |
|---|---|---|---|
| 2/1/2023 | $5,486.40 | $1,097.28 | $484.33 |
| | $70,383.95 | $14,076.79 | $6,118.11 |
| | $90,578.85 | | |

10.  Defendant Oakwood failed to pay the Welfare Fund any contributions for the months of August 2021 through March 2024 and therefore owes $39,508.65 in delinquent contributions, liquidated damages, and interest as set forth below:

| Month | Unpaid Contributions | Liquidated Damages (20%) | Interest thru 5/14/24 |
|---|---|---|---|
| 8/1/2021 | $1,885.25 | $377.05 | $157.58 |
| 9/1/2021 | $1,885.25 | $377.05 | $152.71 |
| 10/1/2021 | $1,885.25 | $377.05 | $147.99 |
| 11/1/2021 | $1,885.25 | $377.05 | $143.12 |
| 12/1/2021 | $1,885.25 | $377.05 | $138.41 |
| 1/1/2022 | $2,488.90 | $497.78 | $176.30 |
| 2/1/2022 | $2,488.90 | $497.78 | $169.87 |
| 3/1/2022 | $2,980.55 | $596.11 | $196.47 |
| 4/1/2022 | $2,980.55 | $596.11 | $251.69 |
| 5/1/2022 | $3,441.55 | $688.31 | $279.15 |
| 6/1/2022 | $2,919.45 | $583.89 | $226.74 |
| 7/1/2022 | $2,488.90 | $497.78 | $231.26 |
| 8/1/2022 | $1,997.25 | $399.45 | $176.98 |
| 9/1/2022 | $1,013.95 | $202.79 | $85.48 |
| 10/1/2022 | $1,013.95 | $202.79 | $97.51 |
| 11/1/2022 | $1,013.95 | $202.79 | $92.27 |
| 12/1/2022 | $1,013.95 | $202.79 | $87.20 |
| 1/1/2023 | $1,518.80 | $303.76 | $143.23 |
| 2/1/2023 | $1,518.80 | $303.76 | $134.08 |
| 3/1/2023 | $1,518.80 | $303.76 | $125.81 |
| 4/1/2023 | $1,518.80 | $303.76 | $116.65 |
| 5/1/2023 | $1,518.80 | $303.76 | $107.79 |
| 6/1/2023 | $495.95 | $99.19 | $32.21 |
| 7/1/2023 | $495.95 | $99.19 | $29.32 |
| 8/1/2023 | $495.95 | $99.19 | $26.33 |
| 9/1/2023 | $495.95 | $99.19 | $23.34 |
| 10/1/2023 | $495.95 | $99.19 | $23.36 |
| 11/1/2023 | $495.95 | $99.19 | $19.95 |
| 12/1/2023 | $495.95 | $99.19 | $16.64 |
| 1/1/2024 | $501.26 | $100.25 | $13.37 |
| 2/1/2024 | $501.26 | $100.25 | $9.91 |

| | | | |
|---|---|---|---|
| 3/1/2024 | $1,002.52 | $200.50 | $13.37 |
| | $30,954.19 | $6,190.83 | $2,363.63 |
| | $39,508.65 | | |

11. Defendant St. Louis Place failed to pay the Welfare Fund any contributions for the months of April 2022 through March 2024 and therefore owes $24,533.89 in delinquent contributions, liquidated damages, and interest as set forth below:

| Month | Unpaid Contributions | Liquidated Damages (20%) | Interest thru 5/14/24 |
|---|---|---|---|
| 4/1/2022 | $491.65 | $98.33 | $41.52 |
| 5/1/2022 | $491.65 | $98.33 | $39.88 |
| 6/1/2022 | $491.65 | $98.33 | $38.18 |
| 7/1/2022 | $491.65 | $98.33 | $45.68 |
| 8/1/2022 | $522.30 | $104.46 | $46.28 |
| 9/1/2022 | $522.30 | $104.46 | $44.03 |
| 10/1/2022 | $522.30 | $104.46 | $50.23 |
| 11/1/2022 | $1,013.95 | $202.79 | $92.27 |
| 12/1/2022 | $522.30 | $104.46 | $44.92 |
| 1/1/2023 | $526.90 | $105.38 | $49.69 |
| 2/1/2023 | $526.90 | $105.38 | $46.51 |
| 3/1/2023 | $1,022.85 | $204.57 | $84.73 |
| 4/1/2023 | $1,022.85 | $204.57 | $78.56 |
| 5/1/2023 | $1,022.85 | $204.57 | $72.59 |
| 6/1/2023 | $1,022.85 | $204.57 | $66.43 |
| 7/1/2023 | $1,022.85 | $204.57 | $60.46 |
| 8/1/2023 | $1,022.85 | $204.57 | $54.30 |
| 9/1/2023 | $1,022.85 | $204.57 | $48.13 |
| 10/1/2023 | $1,022.85 | $204.57 | $48.19 |
| 11/1/2023 | $1,022.85 | $204.57 | $41.14 |
| 12/1/2023 | $1,022.85 | $204.57 | $34.32 |
| 1/1/2024 | $1,033.78 | $206.75 | $27.57 |
| 2/1/2024 | $1,033.78 | $206.75 | $20.45 |
| 3/1/2024 | $1,033.78 | $206.75 | $13.78 |
| | $19,453.39 | $3,890.66 | $1,189.84 |
| | $24,533.89 | | |

12. Plaintiffs have incurred attorneys' fees and court costs in their efforts to recoup the amounts owed to the Welfare Fund by defendants.

## CONCLUSIONS OF LAW

13. The Welfare Fund is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.

14. The BOT is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

15. Defendant Royal Oak is a Delaware limited liability corporation doing business in Missouri and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

16. Defendant Oakwood is a Delaware limited liability corporation doing business in Missouri and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

17. Defendant St. Louis Place is a Delaware limited liability corporation doing business in Missouri and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.

5

§§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

18. This Court has jurisdiction by reason of Sections 502(a)(3) (ii), (d), and 515 of the Employee Retirement Income Security Act of 1974, as amended, §1132(a)(3)(ii) and (d) and §1145, and Section 301(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(c).

19. Because plaintiffs bring this action to collect delinquent fringe benefit contributions, plaintiffs are entitled to recover interest, liquidated damages, costs and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the Trust Agreement.

20. Plaintiffs have established that defendant Royal Oak owes them a total of $90,578.85, which is comprised of $70,383.95 in delinquent contributions, $14,076.79 in liquidated damages, and $6,118.11 in interest through May 14, 2024.

21. Plaintiffs have established that defendant Oakwood owes them a total of $39,508.65, which is comprised of $30,954.19 in delinquent contributions, $6,190.83 in liquidated damages, and $2,363.63 in interest through May 14, 2024.

22. Plaintiffs have established that defendant St. Louis Place owes them a total of $24,533.89, which is comprised of $19,453.39 in delinquent contributions, $3,890.66 in liquidated damages, and $1,189.84 in interest through May 14, 2024.

23. Plaintiffs have established that they incurred attorneys' fees and court costs in pursuing this action to collect delinquent benefit contributions owed by defendants, and plaintiffs are entitled to recover those fees and costs from defendants upon furnishing to the Court evidence sufficient for the Court to find that those fees and costs are reasonable.

24. Plaintiffs have submitted a Motion for Attorneys' Fees and Costs attesting that plaintiffs have or will be billed a total of $11,137.00 in attorney's fees and costs in this matter.

**IT IS HEREB ORDERED THAT** Plaintiffs are entitled to a judgment against defendant Royal Oak for $90,578.85, plus $3,712.33 (one-third of the attorneys' fees and costs), for a total of $94,291.18.

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a judgment against defendant Oakwood for $39,508.65, plus $3,712.33 (one-third of the attorneys' fees and costs), for a total of $43,220.98.

**IT IS FURTHER ORDERED** Plaintiffs are entitled to a judgment against defendant St. Louis Place for a total of $24,533.89, plus $3,712.33 (one-third of the attorneys' fees and costs), for a total of $28,246.22.

Dated this 20th day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7